**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

DARRELL DENNIS                                                                                    PETITIONER
ADC # 085865

v.                                               5:17CV00003-JJV

WENDY KELLEY[1]                                                                                  RESPONDENT

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Petitioner, Darrell Dennis, says his due process rights were violated when he was convicted of multiple offenses on October 1, 2013, and sentenced to sixty years in the Arkansas Department of Correction.[2] (Doc. No. 2 at 1, Doc. No. 10.) He now seeks a writ of habeas corpus from this Court. For the following reasons, I find that the Petition and Amended Petition are time-barred, and this matter must be DISMISSED.

**II.   FACTS**

According to Respondent's exhibits, Mr. Dennis entered his pleas in multiple cases[3] on

---

[1] The Clerk shall amend the docket to reflect the correct spelling of Wendy Kelley.

[2] Mr. Dennis is also serving life without parole for convictions of capital murder, aggravated robbery, and kidnapping. (Doc. No. 2 at 7-8); *see also* adc.arkansas.gov/inmate_info/search.php.

[3] In case number 60CR09-2465, Mr. Dennis pled to the following: simultaneous possession of drugs and a firearm, in violation of Ark. Code Ann. § 5-74-106; possession of a controlled substance (cocaine) with intent to deliver, in violation of Ark. Code Ann. § 5-64-401; possession of a firearm by certain persons, in violation of Ark. Code Ann. § 5-73-103; possession of drug paraphernalia in violation of Ark. Code Ann. § 5-64-403; maintaining a drug premises in violation of Ark. Code Ann. § 5-64-402; escape in the third degree in violation of Ark. Code Ann. § 5-54-112; and possession of a controlled substance (oxycodone) with intent to deliver in violation of Ark. Code Ann. § 5-64-401. (Doc. No. 16-2 at 9-14.) In case number 60CR10-1848, he pled to the following: possession of a controlled substance (unspecified by the document) with intent to deliver in violation of Ark. Code Ann. § 5-64-401; unauthorized use of another person's property to facilitate certain crimes, in violation of Ark. Code Ann. § 5-74-105; possession of a controlled substance

August 20, 2013 (Doc. No 16-2 at 40, 54), and the Court sentenced him at a hearing on October 1, 2013. (*Id.*) The records reveal that Mr. Dennis, through counsel at his plea hearing, stipulated to his status as an habitual offender. (Doc. No. 16-3 at 29.) The sentencing orders in each case were entered on October 8 and 9, 2013. (Doc. No 16-2 at 9-14, 93-97.)

After sentencing, Mr. Dennis filed multiple *pro se* motions before the trial court, including seeking relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. The trial court denied these motions on January 8, 2014, and June 23, 2014. (*Id*. at 40-43, 129.)

On September 23, 2014, Mr. Dennis filed a notice of appeal to the Arkansas Supreme Court asserting an appeal of the trial court's June 23, 2014, Order. (Doc. No. 16-2 at 130-131.) But the Arkansas Supreme Court denied Mr. Dennis's appeal as untimely. *Dennis v. State*, 2016 Ark. 44.

On January 4, 2017, Mr. Dennis filed his Petition for Writ of Habeas Corpus (Doc. No. 2) in this Court. He later filed an Amended Petition on February 1, 2017 (Doc. No. 10).

**III. ANALYSIS**

Title 28 U.S.C. §§ 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized

---

(unspecified), in violation of Ark. Code Ann. § 5-64-401; and another count of possession of a controlled substance (unspecified), in violation of Ark. Code Ann. § 5-64-401.

> by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The one-year limitations period for filing a federal habeas petition began on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For Mr. Dennis, time began to run on July 23, 2014 - the last date he could have properly appealed the Pulaski County Circuit Court Order denying him Rule 37 relief. Ark. R. App. P. Crim. 2 (a)(4). So Mr. Dennis's Petition is more than seventeen months late.

Since Mr. Dennis's Petition is time barred, I must consider whether he should be entitled to equitable tolling. Since § 2244(d) is a statute of limitations and not a jurisdictional bar, the limitations period may be subject to equitable tolling if a petitioner can show: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

By way of equitable tolling, Mr. Dennis argues that neither the Pulaski County Circuit Judge's office nor the Pulaski County Circuit Clerk's office mailed him a copy of the June 23, 2014, Order "promptly" as required by Arkansas Rule of Criminal Procedure 37.3 (d). However, it is clear he received the Order twenty-four days after it was entered. The Arkansas Supreme Court considered this same assertion and stated:

> In his third motion for belated appeal, in support of his claim that he did not receive notice of the order until July 21, 2014, Dennis attaches a copy of an envelope from

3

> the judge in the case that was postmarked on July 17, 2014, and a statement from an Arkansas Department of Correction officer confirming that "legal mail" from the circuit court dated June 18, 2014, was received by the prison and delivered to Dennis on July 21, 2014. The notice of appeal was filed on September 23, 2014, ninety-two days after the June 23, 2014 order was entered.
>
> Dennis argues that, because the circuit court failed to promptly mail the order to him, he should be excused for failing to timely file his motion for belated appeal. While the circuit court's failure to comply with Rule 37.3(d) may provide Dennis with an excuse for a portion of the delay in filing the notice of appeal, he fails to provide any reason for the additional delay exceeding any caused by the circuit court's noncompliance with Rule 37.3(d). Dennis contends that the circuit court failed to mail the order until July 17, 2014, and he received a copy of the June 23, 2014, order on July 21, 2014. The circuit court's twenty-four-day delay in mailing the order, without more, does not establish good cause for Dennis's filing his notice of appeal sixty-two days after the deadline had expired and more than thirty days after he had received a copy of the order. See *id*.
>
> When a petitioner fails to perfect an appeal in accordance with the prevailing rules of procedure, the burden is on the petitioner, even if he is proceeding pro se, to establish good cause for failure to comply with the procedural rules. *Early v. Hobbs*, 2015 Ark. 313, 467 S.W.3d 150 (per curiam). The duty to conform to procedural rules applies even when the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not doing so. *Miller v. State*, 2013 Ark. 182 (per curiam). Dennis failed to meet his burden to establish good cause for his failure to comply with our procedural rules.

*Dennis v. State*, 2016 Ark. 44, 4-5, 481 S.W.3d 432, 434-35.

Accordingly, I find nothing in the record to show Mr. Dennis has been "pursuing his rights diligently" and he should be denied tolling on this basis alone. Additionally, he offers nothing by way of an "extraordinary circumstance" that prevented him from timely filing his Petition as required by *Holland*. Petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, do not justify equitable tolling. *See*, *e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004). In other words, where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is not available because Congress is presumed to have considered such obstacles in determining that one year represents a fair and

appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008). Finally, Mr. Dennis has not claimed actual innocence. Therefore, tolling under *McQuiggin v. Perkins*, 569 U.S. __, 133 S.Ct. 1924, 1928 (2013), does not apply and Mr. Dennis's Petition for Writ of Habeas Corpus should be dismissed as time barred.

Lastly, because Petition is clearly time barred, no certificate of appealability shall be issued.[4]

### III.   CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1.   The Petition for Writ of Habeas Corpus (Doc. No. 2) and Amended Petition for Writ of Habeas Corpus (Doc. No. 10) are DISMISSED and the requested relief is DENIED.

2.   A certificate of appealability shall not be issued.

Dated this 29th day of March, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[4] Because the Petition is clearly time barred, no certificate of appealability shall be issued. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." But a court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here.